IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 20 CR 331-1 |
| v. | |
| FERMIN OCAMPO-TELLEZ, | Honorable Matthew Kennelly |
| Defendant. | |

**<u>DEFENDANT FERMIN OCAMPO-TELLEZ'S MOTION FOR A NEW TRIAL</u>**

Now comes Fermin Ocampo-Tellez (hereinafter the "Defendant" or "Mr. Ocampo-Tellez"), by his attorney, Amir Mohabbat, pursuant to Rule 33 of the Federal Rules of Criminal Procedure and the Sixth Amendment to the United States Constitution, states as follows:

On July 9, 2020, Defendant was charged with one count of conspiring to commit bank theft in violation of 18 U.S.C. § 371. A jury trial was held between June 21, 2021 and June 24, 2021.

On June 21, 2021, minutes after the jury was sworn in, trial was adjourned for the day. The jury left through the main exit of the ceremonial courtroom on the 25th floor of the Dirksen Building, as did members of the public who attended the trial.

Later that afternoon, the undersigned received an email, a true and correct copy of which is attached herein as Exhibit A that AUSA McClelland also sent to the Court and counsel for the co-defendant, Michael Nash. That email provided that as the jury left the ceremonial courtroom on their way to the elevators, a man who was thought to be the Defendant's brother encountered the jury and made several comments to them. The comments were crude attempts to sway the

1

jurors to "free Fermin" and to not find him guilty of the charged offense. Although the undersigned has since discovered the man who made the comments was not in fact Defendant's brother, at the time of the confrontation, everyone thought that he was.

The next morning, on June 22, 2021, the undersigned moved for a mistrial in light of the events documented in Exhibit A on the basis of jury tampering, taint, and prejudice caused by this alleged brother against Mr. Ocampo-Tellez. Mr. Ocampo-Tellez felt at that time and still now feels the man intimidated the jury and caused them to be biased against Mr. Ocampo-Tellez. Furthermore, such bias led to his eventual guilty verdict on June 24, 2021. By trying to improperly sway the jurors, this man caused a backlash against Defendant that is evident from the results of the trial. The jury was hung as to the guilt of the sole co-defendant at trial, defendant Gomez, despite at least one admission in the evidence at trial. Nevertheless, they found Mr. Ocampo-Tellez guilty. The Court denied Mr. Ocampo-Tellez's motion for mistrial before the Government began its case in chief. Before the Government began its case on June 22, 2021, the Court asked the jury if anyone on the jury heard the comments made by the alleged brother and no juror admitted to hearing the comments. In light of Exhibit A, in which it is documented that "Agent Johnson observed Mr. Ocampo-Tellez's brother make 3 to 4 comments to the jurors, including, 'Free Fermin' and 'That's my brother, he's a good guy,'" it is clearly evident the jury was not honest with the Court. Agent Johnson observed and dutifully reported that this man made the above-described comments to the jury. Agent Johnson has no incentive to misstate or overstate what was observed firsthand.

The man's interference with the jury caused Mr. Ocampo-Tellez to feel the less-than-honest jury was biased against him. The guilty verdict against only him supports Mr. Ocampo-

2

Tellez's feeling. This motion is necessary and must be granted and is brought within 14 days of June 24, 2021, when Mr. Ocampo-Tellez was found guilty.

Federal Rule of Criminal Procedure 33 states in relevant part: "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Also at issue is Mr. Ocampo-Tellez's 6th Amendment right to a trial before an impartial jury. There appears to be little case law on point. The closest analogy the undersigned could locate pertains to cases dealing with the charge of witness tampering. See generally *U.S. v. Murphy*, 406 F.3d 857 (7th Cir. 2005) and *U.S. v. Capozzi*, 486 F.3d 711 (7th Cir, 2007). This motion pertains to jury tampering.

In this case, the alleged brother is not Mr. Ocampo-Tellez's brother despite his representations to the jury. Mr. Ocampo-Tellez informed the district court through counsel on June 22, 2021 and does again herein that the man is a friend of Mr. Ocampo-Tellez's girlfriend. Moreover, and troublingly, as though it was not bad enough that the man contacted the jury, he attempted to sway the jury by deceiving them regarding his relationship to Mr. Ocampo-Tellez and by appealing to their sympathy dishonestly, which is a form of bullying. Society generally abhors bullies. The man's actions and tactics were not solicited by Mr. Ocampo-Tellez, Mr. Ocampo-Tellez was detained and had no contact with the man before he committed his actions, and the man created the tension between the jury and Mr. Ocampo-Tellez that was apparent when the jury was not honest with the court when it presented itself as not having heard the comments of the man despite the Government's representations in Exhibit A.

Furthermore, by telling the jury "Free Fermin," as contained in Exhibit A, the man let it be known that Mr. Ocampo-Tellez is a detainee, which implies he is dangerous. Mr. Ocampo-

Tellez wore formal business attire during trial and was not handcuffed in the presence of the jury; the only way the jury knew of Mr. Ocampo-Tellez's detention was due to the man's comments which caused prejudice against Mr. Ocampo-Tellez. The undersigned understands that the Court interprets the "Free Fermin" statement to not divulge detention and that it is a colloquial statement in which one seeks to have a defendant be out from under a criminal charge. While this Court may interpret the comment that way, the Court must properly consider how the jury interpreted it. The jury had to have held it in a manner that was prejudicially negative to Mr. Ocampo-Tellez as none admitted to hearing it despite the Government's representation in Exhibit A. *See Smith v. Phillips*, 455 U.S. 209, 221–22 (1982) (O'Conner J. concurring and explaining that "[d]etermining whether a juror is biased or has prejudged a case is difficult, partly because the juror may have an interest in concealing his own bias and partly because the juror may be unaware of it.").

Due to the prejudice caused by the comments of the man who contacted the jury as they left the public exit of the courtroom on June 21, 2021, and for the reasons stated above, Mr. Ocampo-Tellez requests that this court grant his request for a new trial.

Dated: July 8, 2021

Respectfully submitted,

/s/ Amir Mohabbat

Amir Mohabbat
The Chicagoland & Suburban Law Firm, P.C.
248 S. Marion St., #104
Oak Park, Illinois 60302

Attorney for Defendant Fermin Ocampo-Tellez.

PROOF OF SERVICE

I, Amir Mohabbat, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

July 8, 2021

/s/ Amir Mohabbat