UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | No. 20 CR 331-1 |
| v. | |
| | Judge Kennelly |
| FERMIN OCAMPO-TELEZ | |

FERMIN OCAMPO-TELLEZ'S POSITION PAPER AS TO SENTENCING

This brief is submitted with Mr. OCAMPO-TELLEZ accepting full responsibility for his actions. Mr. OCAMPO-TELLEZ does not maintain his innocence. A sentence of 12 months of incarceration (and not with 1 extra day) would be appropriate, along with a recommendation that the BOP credit Mr. OCAMPO-TELLEZ for the time he has served in the Cook County Department of Corrections since Mar 2, 2021, followed by 3 years of supervised released, the imposition of restitution for $10,846.75, and a $100 special assessment.

I. FACTUAL BACKGROUND-Family and personal.

Mr. OCAMPO-TELLEZ's PSIR, along with any allocution at sentencing will serve as Mr. OCAMPO-TELLEZ's Version of the Offense and to set the background against which Mr. OCAMPO-TELLEZ and his actions may be viewed. Probation Officer Alper, in the PSIR, informs the Court of the offense and the circumstances of Mr. OCAMPO-TELLEZ's life.

II. CORRECTION AND EMPHASIS TO PRESENTENCE INVESTIGATION REPORT

Paragraph 9: Mr. OCAMPO-TELLEZ does not believe he communicated verbally with the co-defendants but acknowledges non-verbal communication by virtue of actions.

Paragraph 14: Mr. OCAMPO-TELLEZ has not impeded or obstructed justice.

Paragraph 47: Mr. OCAMPO-TELLEZ informs he was at the wrong place at the wrong time in connection with the bathroom incident and that he had no role in the event.

III. OFFENSE LEVEL COMPUTATION

**Base Offense Level**: It appears based on the statutes under which Mr. OCAMPO-TELLEZ was convicted and the USSG that the base offense level is 11.

IV. CRIMINAL HISTORY, OFFENDER CHARACTERSITICS, 18 U.S.C. §3553(a) FACTORS and MITIGATION

The PSIR does an excellent job of showing that Mr. OCAMPO-TELLEZ has 9 criminal history points. Parts of Mr. OCAMPO-TELLEZ's criminal history can be traced to gang membership and a desire to belong. Mr. OCAMPO-TELLEZ comes from a broken home caused by infidelity and he felt he did not belong to a family until he joined a gang. His family is now comprised of his girlfriend and his children and a brighter future awaits with a lower risk of recidivism per the disclosed Sentencing Recommendation.

The Supreme Court and Congress require the district court to sentence in accordance with 18 U.S.C. § 3553(a). Rita v. United States, 511 U.S. 1181 (2007)(explaining that district judges are required "to filter the Guidelines' general advice through 3553(a)'s list of factors"); Booker, 543 U.S. at 259-60; see also United States v. Wachowiak, 2007 U.S. App. LEXIS 18234, at *9-10 (7th Cir. Aug. 1, 2007) (holding that after Booker, the Guidelines are advisory, but application of § 3553(a) is mandatory). The Supreme Court held in Rita that sentencing judges are required "to 'impose a sentence sufficient, but not greater than necessary, to comply with' the basic aims of sentencing" in § 3553(a). Rita, 127 F.3d at 2463. This is known as 3553(a)'s parsimony provision, and it serves "as the guidepost for sentencing decisions post-Booker." United States v. Ferguson, 4562 F.3d 660, 667 (6th Cir. 2006).

A. 18 U.S.C. §3553(a) factors:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed:

    (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (b) to afford adequate deterrence to criminal conduct;

    (c) to protect the public from further crimes of the defendant; and

    (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The advisory guideline range;

(5) Any pertinent policy statements issued by the Sentencing Commission;

(6) The need to avoid unwarranted sentence disparities; and

(7) The need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

After considering the above factors, a sentence should be imposed that is sufficient, but not greater than necessary to comply with the purposes of sentencing set forth in §3553(a)(2).

B. Specifics of Case

1. Nature of Offense

Please see the discussion in the PSIR and *supra* that Mr. OCAMPO-TELLEZ adopts herein.

2. Characteristics of the Defendant

As stated above, parts of Mr. OCAMPO-TELLEZ's criminal history can be traced to gang membership and a desire to belong. Mr. OCAMPO-TELLEZ comes from a broken home caused by infidelity and he felt he did not belong to a family until he joined a gang. His family is now comprised of his girlfriend and his children and a brighter future awaits with a lower risk of recidivism per the disclosed Sentencing Recommendation.

3. Purposes of Sentencing and Needs of the Public

The sentence prayed for reflects the seriousness of the offense, promotes respect for the law, and provides just punishment for the offense. It also affords adequate deterrence to criminal conduct, protecting the public from the defendant.

4. Consideration of the Guidelines

Mr. OCAMPO-TELLEZ adopts the Sentencing Recommendation's Justification in considering the advisory Guidelines. In addition, Mr. OCAMPO-TELLEZ highlights, as also shown at trial and in the PSIR, that the offense at issue in the indictment was over the course of minutes of time on one date; the offense was short lived. The sentence sought is appropriate when considering the guidelines.

5.  The Need to Provide Restitution to any Victims of the Offense

Restitution will be made and is sought herein.

6.  Mr. OCAMPO-TELLEZ's Conduct During the Case that Obeyed all Court Orders

Mr. OCAMPO-TELLEZ was punctual and respectful of the court at all hearings and at trial. These facts should give this Honorable Court confidence that Mr. OCAMPO-TELLEZ will obey the sentencing order that he prays for and that is appropriate in light of the arguments raised, *supra*.

In addition, Mr. OCAMPO-TELLEZ informs he works hard in the CCDOC kitchen unit and he is building his work ethic for his release and that he intends to always be employed going forward.

## V. IMPOSITION OF NO FINE

Mr. OCAMPO-TELLEZ asks this Court to find he is unable to pay a fine and to impose no fine.

Mr. OCAMPO-TELLEZ is aware of the $100 special assessment per count of conviction, totaling $100.

## VI. CONCLUSION

WHEREFORE, for the reasons stated above, Mr. OCAMPO-TELLEZ prays that this court impose a sentence of 12 months incarceration, make a recommendation to the BOP that all time be credited since his confinement with the CCDOC since March 2, 2021, followed by 3 years of supervised released, and the imposition of a $100 special assessment. Moreover, Mr. OCAMPO-TELLEZ has no objection to any of the proposed terms of supervised release nor does he oppose the proposed special terms of supervised release.

Dated this 16th day of September, 2021.

Respectfully submitted,

/s/ Amir Mohabbat

Amir Mohabbat
The Chicagoland & Suburban Law Firm, P.C.
248 S. Marion St., #104
Oak Park, Illinois 60302

Attorney for Defendant.

## PROOF OF SERVICE

I, Amir Mohabbat, hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

September 16, 2021

/s/ Amir Mohabbat